STATE OF NORTH CAROLINA v. WALLACE LYNN RIGSBEE

No. 7218SC430

(Filed 28 June 1972)

Criminal Law § 163— broadside assignment of error

An assignment of error "that the Court erred in failing to declare and explain the law arising on the evidence given in the case" is broadside and ineffectual.

APPEAL by defendant from *Armstrong, Judge,* 17 January 1972 Session of Superior Court held in GUILFORD County.

Defendant was charged in a warrant with the offense of operating a motor vehicle on the highway while under the influence of intoxicating liquor (G.S. 20-138). Upon his conviction in the District Court, he appealed to the Superior Court where he was tried *de novo* by a jury.

The State's evidence tended to show that defendant was observed and stopped by a State Higway Patrol trooper; that defendant was given certain sobriety tests at the scene; that

defendant refused to take the breathalyzer test when requested; and that, in the opinion of the officer, defendant was under the influence of intoxicating liquor.

The defendant's evidence tended to show that about 8:00 a.m. he purchased a six-pack of beer, regular size; that he did not drink anything until about 9:00 a.m.; that from 9:00 a.m. to around 11:00 a.m. he visted a friend at Lake Tillery during which time they each drank three cans of the six-pack which defendant had purchased at 8:00 a.m.; that he ate cheese and crackers while drinking the beer; that he left Lake Tillery about 11:00 a.m. and drove to Greensboro where he was stopped by the officer at about 12:15 p.m.; that he was not under the influence of intoxicating liquor but was in full possession of his faculties; and that he refused to take the breathalyzer test because he didn't think it was legal.

From a jury verdict of guilty and judgment entered, defendant appealed.

*Attorney General Morgan, by Associate Attorney Poole, for the State.*

*Douglas, Ravenel, Hardy & Crihfield, by Robert D. Douglas III, for defendant.*

BROCK, Judge.

Defendant assigns as error "[t]hat the Court erred in failing to declare and explain the law arising on the evidence given in the case." Defendant argues that in so failing the Court violated G.S. 1-180.

Listed in 1 Strong, N. C. Index 2d, Appeal and Error, § 31, p. 166, note 35, are numerous cases which hold that this type of assignment of error is a broadside exception and will not be considered. The reason for the refusal by the appellate court to consider such a broadside exception to the charge is clear and fair. In order to do so, the appellate court would be cast in the role of advocate for the appellant, sifting through the charge looking for some error. This would destroy the impartiality which is necessary for the proper functioning of the judiciary.

Nevertheless, we have reviewed the record proper and the evidence. In our opinion defendant had a fair trial, free from

prejudicial error. The evidence presented by the State and by the defendant has been evaluated by a jury, who found under appropriate rules that defendant was guilty as charged.

No error.

Chief Judge MALLARD and Judge CAMPBELL concur.